IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RYAN WASHINGTON; IAN INGRAM; and TATYANA BROWN, *on behalf of themselves and others similarly situated*, | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | **JURY DEMAND** |
| METROTAINMENT CAFES, LLC, POLITICAL CONCEPTS, LLC, JEFFREY LANDAU, and AMY LANDAU, | |
| Defendants. | |

## COMPLAINT

Plaintiffs, by and through undersigned counsel, bring this action on behalf of themselves and others similarly situated against Defendants and state and allege as follows:

## NATURE OF THE ACTION

1.     This is a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, ("FLSA"), alleging that Defendants failed to pay Named Plaintiffs and others similarly situated for all hours worked at the required minimum and overtime premium wage rates.

1

## JURISDICTION AND VENUE

2.      This Court exercises jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 3.1(B) because a substantial part of the events or omissions giving rise to Plaintiffs' claims, as described in this complaint, occurred within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4.      Defendant Metrotainment Cafes, LLC ("Metrotainment") is a domestic, for-profit limited liability company and maintains a principal address at 1119 Logan Circle NW, Atlanta, Georgia 30318, according to its registration with the Georgia Secretary of State.

5.      Metrotainment may be served with process by delivering a copy of the complaint and summons to its registered agent, James Bellew, at 1119 Logan Circle NW, Atlanta, Georgia 30318.

6.      Defendant Political Concepts, LLC ("Political Concepts") is a domestic, for-profit limited liability company and maintains a principal address at 1119 Logan Circle NW, Atlanta, Georgia 30318, according to its registration with the Georgia Secretary of State.

2

7.    Political Concepts may be served with process by delivering a copy of the complaint and summons to its registered agent, Amy Landau, at 1119 Logan Circle NW, Atlanta, Georgia 30318.

8.    Defendant Jeffrey Landau is the managing member of Metrotainment and Political Concepts.

9.    Defendant Jeffrey Landau may be served wherever he may be found.

10.    Defendant Amy Landau is the registered agent and inventory supervisor of Political Concepts.

11.    Defendant Amy Landau may be served wherever she may be found.

12.    Named Plaintiffs Ryan Washington, Ian Ingram, and Tatyana Brown ("Named Plaintiffs") worked for Defendants within the three years preceding the filing of this action.

13.    Named Plaintiffs have consented in writing to join this action pursuant to 29 U.S.C. § 216(b). (*See* Exs. 1-3, attached.)

## FACTUAL ALLEGATIONS SHOWING THAT DEFENDANTS ARE JOINT EMPLOYERS

14.    Defendants employed Named Plaintiffs, who engaged in interstate commerce or the production of goods for interstate commerce.

15.    Defendants qualify as "employers" within the meaning of the FLSA. 29 U.S.C. § 203(d).

3

16.    Named Plaintiffs were "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

17.    "Joe's on Juniper" is a trade name used by Defendants and refers specifically to a restaurant located at 1049 Juniper Street NE, Atlanta, Georgia 30309.

18.    Defendants employed Named Plaintiffs to work at Joe's on Juniper ("Joe's"), which engaged in interstate commerce or the production of goods for interstate commerce.

19.    Defendants employed Named Plaintiffs to work at Joe's on goods or materials that have been moved in or produced for commerce.

20.    Defendant Metrotainment is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

21.    At all relevant times, Metrotainment had, and continues to have, at least $500,000.00 in annual gross volume of sales made or business done.

22.    At all relevant times, Metrotainment has had one or more employees who handle goods that have traveled in interstate commerce within the meaning of the FLSA.

4

23.    For example, at all relevant times, Metrotainment has employed individuals who regularly use computers, credit-card readers, or other devices manufactured outside the state of Georgia in performing their job duties.

24.    Metrotainment qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

25.    Defendant Political Concepts is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

26.    At all relevant times, Political Concepts had, and continues to have, at least $500,000.00 in annual gross volume of sales made or business done.

27.    At all relevant times, Political Concepts has had one or more employees who handle goods that have traveled in interstate commerce within the meaning of the FLSA.

28.    For example, at all relevant times, Political Concepts has employed individuals who regularly use computers, credit-card readers, or other devices manufactured outside the state of Georgia in performing their job duties.

29.    Political Concepts qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

30.    Defendant Jeffrey Landau is a corporate officer and managing member of Metrotainment and Political Concepts.

5

31.   Defendant Jeffrey Landau exercises operational control over Metrotainment and Political Concepts.

32.   At times relevant to this action, Defendant Jeffrey Landau directly and indirectly controlled, determined, and directed the day-to-day operations of Metrotainment and Political Concepts.

33.   Defendant Jeffrey Landau determined the compensation practices applicable to employees at Joe's, including Named Plaintiffs and those similarly situated.

34.   Defendant Jeffrey Landau had the authority to make changes to the compensation practices applicable to employees at Joe's, including Named Plaintiffs.

35.   Defendant Jeffrey Landau had authority to determine the number of employees scheduled per shift at Joe's.

36.   Defendant Jeffrey Landau had the authority to hire and fire employees at Joe's, including Named Plaintiffs and those similarly situated.

37.   Defendant Jeffrey Landau directly and indirectly determined, and continues to determine, the job duties performed by employees at Joe's.

38.   Defendant Amy Landau is the registered agent and the inventory supervisor for Political Concepts.

6

39.    Defendant Amy Landau exercises operational control over Metrotainment and Political Concepts.

40.    At times relevant to this action, Defendant Amy Landau directly and indirectly controlled, determined, and directed the day-to-day operations of Metrotainment and Political Concepts.

41.    Defendant Amy Landau's e-mail address is listed with the Georgia Secretary of State as the primary contact for Metrotainment and Political Concepts.

42.    Defendants Amy Landau and Jeffrey Landau have personally guaranteed many of the leases and loans obtained for Metrotainment restaurants.

43.    Defendant Amy Landau handled and controlled Metrotainment's and Political Concept's promotional efforts.

44.    Defendant Amy Landau qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

45.    Defendants Metrotainment, Political Concepts, Amy Landau and Jeffrey Landau are, or have been, joint employers for the purposes of the FLSA at times relevant to this action.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFFS' CLAIMS

46.    Defendants operate several restaurants in and around the Atlanta metropolitan area, including Joe's.

7

47.   Joe's contains a bar, dining room, and outdoor patio where food and drinks are served.

48.   Each week, Joe's dining room is typically open to the public Monday through Sunday.

49.   Joe's employs servers, bartenders, hostesses, food runners, expediters ("expos"), cooks, and other personnel.

50.   Joe's customers typically leave discretionary gratuities ("tips") for the benefit of Named Plaintiffs and others similarly situated ("Tipped Employees").

51.   Tipped Employees use a computerized point of sale ("POS") system to track their hours, sales, and food orders.

52.   Tipped Employees are typically scheduled to work at least five days per week.

53.   Tipped Employees are typically scheduled to work shifts that begin between 10:00 a.m. and 11:00 a.m. and last until 2:00 a.m. to 3:00 a.m. the following morning.

54.   Tipped Employees often refer to their work shifts as "clopenings," because the shifts last from opening until close.

55.   Tipped Employees are often unable to take breaks, such as meal breaks, even when those breaks are scheduled.

56.   Tipped Employees typically work about sixty hours per week.

57.   Tipped Employees must perform work that is not directly related to serving customers, such as cleaning certain areas at the start and end of each shift.

58.   Defendants fail to record certain hours worked by Tipped Employees.

59.   Defendants modified the time records to reflect fewer hours worked by Tipped Employees.

60.   Defendants violated the recordkeeping requirements of the FLSA.

61.   Tipped employees are regularly required to "tip out" non-tipped employees.

## COUNT ONE: WILLFUL FAILURE TO PAY TIPPED EMPLOYEES AT THE MINIMUM WAGE

62.   Defendants pay Tipped Employees $2.13 per hour and claim a credit for the federal tipped minimum direct wage rate.

63.   The minimum wage provisions of the FLSA apply to Defendants and protect Tipped Employees.

64.   Defendants are not entitled to avail themselves of the federal tipped minimum direct wage rate under the FLSA because Defendants failed to properly notify Tipped Employees of their intention to take a tip credit against the required minimum wage.

9

65.    Defendants are not entitled to avail themselves of the federal tipped minimum direct wage rate under the FLSA because Defendants did not allow Tipped Employees to retain all of their tips.

66.    Because Defendants are not entitled to avail themselves of the federal tipped minimum direct wage rate under the FLSA, Tipped Employees are entitled to be compensated at $7.25 per hour.

67.    Defendants did not pay Tipped Employees the required minimum wage for all hours worked per workweek, including hours worked off the clock and hours worked on the clock.

68.    By failing to compensate Tipped Employees at the minimum wage required by the FLSA, Defendants violated, and continue to violate, Tipped Employees' statutory rights under the FLSA.

69.    Defendants' violations of the FLSA's minimum wage provision, 29 U.S.C. § 206, were willful.

70.    Defendants violated the FLSA with reckless disregard for their obligations under 29 U.S.C. § 206.

71.    Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Tipped Employees for all unpaid wages at a rate of not less than $7.25 per hour, liquidated damages, and attorney's fees and costs.

## COUNT TWO: WILLFUL FAILURE TO COMPENSATE TIPPED EMPLOYEES AT THE OVERTIME PREMIUM RATE

72.    During times relevant to this action, Tipped Employees worked in excess of 40 hours per week.

73.    Defendants failed, however, to pay Tipped Employees for all hours worked, including those in excess of 40 per week.

74.    Defendants failed to compensate Tipped Employees for hours in excess of 40 per week at a rate of not less than one and one-half times their regular rate.

75.    In fact, Defendants elected not to record hours during which Tipped Employees worked at Joe's and, moreover, chose to pay Tipped Employees no wages at all for certain hours that were unequivocally compensable under the FLSA.

76.    Defendants' violations of the FLSA's overtime provision, 29 U.S.C. § 207, were willful.

77.    Defendants violated the FLSA with reckless disregard for their obligations under 29 U.S.C. § 207.

78.    Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Tipped Employees for all unpaid overtime wages, liquidated damages, and attorney's fees and costs.

### DEMAND FOR JUDGMENT

Plaintiffs respectfully request that:

I.      The Court enter declaratory judgment in favor of Plaintiffs that Defendants violated the FLSA;

II.     The Court enter judgment against Defendants that their violations of the FLSA were willful;

III.    The Court award Plaintiffs all unpaid wages as provided for by the FLSA;

IV.     The Court award Plaintiffs liquidated damages equal to the amount of all unpaid wages as provided for by the FLSA;

V.      The Court award Plaintiffs reasonable costs and attorney's fees as provided for by the FLSA; and

VI.     Plaintiffs receive such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.


Dated:        September 8, 2014.

                                                s/ John L. Mays
                                                _____
MAYS & KERR LLC                                 John L. Mays, Esq.
235 Peachtree Street NE                         Georgia Bar No. 986574
North Tower | Suite 202                         Jeff Kerr, Esq.
Atlanta, Georgia 30303                          Georgia Bar No. 634260
Telephone:  (404) 410-7998                      Mike Walker, Esq.
Facsimile:   (404) 855-4066                     Georgia Bar No. 954678
john@maysandkerr.com
jeff@maysandkerr.com
mike@maysandkerr.com                            Counsel for Plaintiff