EXHIBIT A: Settlement Agreement

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RYAN WASHINGTON, IAN INGRAM, and TATYANA BROWN, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:14-cv-02888-AT |
| v. | ) ) | |
| METROTAINMENT CAFES, LLC, POLITICAL CONCEPTS, LLC, JEFFREY LANDAU, and AMY LANDAU, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release is entered into by and between the following parties: (1) Ryan Washington, Ian Ingram, and Tatyana Brown, as well as their heirs, executors, administrators, successors, and assigns, both individually and on behalf of all Opt In Plaintiffs and their heirs, executors, administrators, successors, and assigns (collectively referred to as "Plaintiffs"); and (2) Metrotainment Cafes, LLC, Political Concepts, LLC, Jeffrey Landau, and Amy Landau (collectively "Defendants"). The parties hereto agree to the following:

1.    **Consideration.**  In consideration for signing this Settlement Agreement and Release, and complying with its terms:

a.    Metrotainment Cafes, LLC, Political Concepts, LLC, and Jeffrey Landau (collectively "Metrotainment") agree to pay to Plaintiffs and their counsel the total sum of One Hundred Sixty-Seven Thousand Five Hundred Dollars and No Cents ($167,500.00), to be apportioned as follows:

(1) Metrotainment will collectively pay Plaintiffs a total sum of $99,161.92, to be paid as follows:

a. Half of the foregoing amount will represent back wages and half will represent liquidated damages, penalties, and other consideration.    Required federal and state income and employment taxes shall be withheld from the wages portions of the payments, but no deductions will be made from the non-

1 of 9

wages portions of the payments. Metrotainment will issue to Plaintiffs Form W-2s for the back wages portions of the payments and Form 1099s for the non-wages portions of the payments. Metrotainment shall pay the employer's share of all required payroll taxes on the foregoing payments.

b. It is expressly understood and agreed that the receipt of any payment under this Settlement Agreement will not entitle any Plaintiff to additional compensation or benefits from any Defendant.

c. Each Plaintiff's pro rata share of the $99,161.92 was calculated based on their time in position. Each Plaintiff's share is listed on the Payment Schedule attached hereto as Exhibit A.

d. All checks for settlement payments shall remain valid and negotiable for 120 days from the date of their issuance and shall thereafter automatically be cancelled if not cashed by the eligible Plaintiff within that time. Each Plaintiff has no right to or interest in any settlement payment unless and until each Plaintiff cashes his or her check.

(2) Metrotainment will pay Plaintiffs' counsel, Mays & Kerr, $68,338.08 in attorney's fees and costs, for which Metrotainment will issue an IRS Form 1099. The enforceability of this Settlement Agreement is not contingent on whether the Court awards the amount sought for attorneys' fees and costs or a lesser amount. Plaintiffs' Counsel shall not be entitled to any additional attorney's fees and costs in connection with this litigation in excess of what is approved by the Court in connection with this Settlement Agreement. If the Court refuses to approve Plaintiff's counsel's attorney's fees as stated herein, and Plaintiff's counsel must take any additional action to obtain approval, such as filing a fee petition with the Court, Defendant agrees not to oppose any such action as long as Plaintiff's counsel requests no more than $68,338.08 in attorney's fees and costs in such petition.

(3) Metrotainment shall have the option of selecting a third party administrator to manage and administer the settlement. If Metrotainment elects to retain an administrator, Metrotainment will pay all fees properly charged by said administrator. Alternatively, Metrotainment can self-administer the settlement.

(4) Metrotainment will pay the Settlement Amount as follows:   (a) $37,500.00 no later than thirty (30) days after approval of the settlement by the Court; (b) $12,500.14 no later than sixty (60) days

after approval of the settlement by the Court; and (c) $117,499.86 in equal monthly installments of $6,527.77, to begin no later than ninety (90) days after approval of the settlement by the Court and to be paid no later than the last day of each month.  Said monthly installment shall be paid each month for a total of eighteen (18) months until the total of $167,500.00 has been paid in full. The parties have agreed upon a specific schedule for making the payments to each Plaintiff and to Plaintiffs' Counsel, which is attached hereto as Exhibit A and incorporated herein by reference.

b.      Plaintiffs agree to take all action necessary to seek approval of the terms of this settlement by the United States District Court for the Northern District of Georgia in conjunction with the case captioned <u>Washington, et al. v. Metrotainment Cafes, LLC, et al.</u>, Case No. 1:14-cv-02888-AT (N.D. Ga.) (the "Litigation").  Upon approval of this settlement by the Court, Plaintiffs agree to take all action necessary to have the claims in the Litigation dismissed with prejudice within seven (7) days of court approval.

c.      Metrotainment shall pay all costs of mediation invoiced by Mediator Lee Parks.

2.      **<u>No Consideration Absent Execution of this Agreement.</u>**  Plaintiffs understand and agree that they would not receive the monies and/or benefits specified in Section "1" above, except for the execution of this Settlement Agreement and Release and the fulfillment of the promises contained herein.

3.      **<u>Release of Claims</u>**.

Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, each Plaintiff releases and forever discharges (i) Defendants; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of Defendants; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "Releasees"), from any and all claims that were or could have been brought by him or her in the Litigation, whether known or unknown, through the date of this Settlement Agreement and Release, limited to wage claims under federal, state, or local law for hours worked, including but not limited to such claims under the Fair Labor Standards Act or any state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for hours worked.

4.      **<u>Acknowledgments and Affirmations.</u>**

Plaintiffs affirm that they have not filed, caused to be filed, or presently are a party to any claim against any Defendant, except those in the Litigation.

5.     **Governing Law and Interpretation.**  This Settlement Agreement and Release shall be governed and interpreted in accordance with the laws of Georgia.  In the event of a breach of any provision of this Settlement Agreement and Release, either party may institute an action specifically to enforce any term or terms of this Settlement Agreement and Release and/or seek any damages for breach.  This agreement is not severable.

6.     **Nonadmission of Wrongdoing.**  The Parties agree that neither this Settlement Agreement and Release nor the furnishing of the consideration for this Settlement Agreement and Release shall be deemed or construed at any time for any purpose as an admission by the Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.  Defendants expressly deny any wrongdoing whatsoever in connection with the allegations in the Lawsuit.

7.     **Amendment**.  This Settlement Agreement and Release may not be modified, altered or changed except in writing and signed by all Parties.

8.     **Entire Agreement.**  This Settlement Agreement and Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.  Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made in connection with their decision to accept this Settlement Agreement and Release, except for those expressly set forth in this Settlement Agreement and Release.

9.     **Counterparts.**  This Settlement Agreement and Release may be executed in one or more counterparts and by facsimile or email.  All executed copies of this Settlement Agreement and Release, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

10.     **Invalid Without Court Approval.**  This Settlement Agreement and Release is subject to approval by the United States District Court for the Northern District of Georgia in the Litigation.  In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation.  In the event the Court does not approve the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Settlement Agreement and Release.

11.     **No Signature Required By Opt In Plaintiffs**.  Because the Opt In Plaintiffs are so numerous, and because this Settlement Agreement and Release must be approved by the Court, it is impossible or impractical to have each Opt In Plaintiff execute this Agreement.  By their signatures below, Plaintiff and Plaintiffs' Counsel represent and affirm that they have been given express authority to sign this Agreement on behalf of the Opt In Plaintiffs and that all Opt In Plaintiffs approve and agree to all terms of this Agreement.  To further confirm their agreement to the terms of this Settlement Agreement and Release, the following

language (or something to the same effect) may be included on each settlement check sent to the Opt In Plaintiffs: "My cashing of this check confirms my agreement to the Settlement Agreement approved in <u>Washington, et al. v. Metrotainment Cafes, LLC, et al.</u>"

12.   **Retention of Jurisdiction**.   The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

13.   **Security.**   Jeffrey Landau personally guarantees the payments required by this Settlement Agreement.  In addition, the parties agree that, in the event payments are not paid pursuant to this Settlement Agreement (a "Default"), a Consent Judgment will be entered against Metrotainment Cafes, LLC, Political Concepts, LLC, and Jeffrey Landau in the amount of any amounts which remain outstanding and owing under this Agreement at the time of the Default. It is expressly agreed that Amy Landau does not personally guarantee the payments required herein and any consent judgment entered against the remaining parties in the event of a Default shall not include Amy Landau.

14.   **Non-disparagement.**   All parties are prohibited from publicly disparaging any other party as it relates to this lawsuit.

**PLAINTIFFS ARE ADVISED THAT THEY HAVE A REASONABLE AMOUNT OF TIME TO CONSIDER THIS SETTLEMENT AGREEMENT AND RELEASE AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT AND RELEASE.  PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**SIGNATURES ON FOLLOWING PAGES**

**METROTAINMENT CAFES, LLC:**

By: _Jeffrey Landau_                    Date: __3/23/16__
        Manager

**POLITICAL CONCEPTS, LLC:**

By: _Jeffrey Landau_                    Date: __3/23/16__
        Manager

**JEFFREY LANDAU:**

By: _Jeffrey Landau_                    Date: __3/23/16__

**AMY LANDAU:**

By: _____                    Date: __3/23/16__

**RYAN WASHINGTON (on behalf of himself and all Opt In Plaintiffs):**

By: _____          Date: _____

**TATYANA BROWN (on behalf of herself and all Opt In Plaintiffs):**

By: _____          Date: _____

**IAN INGRAM (on behalf of himself and all Opt In Plaintiffs):**

By: _____          Date: _____

**PLAINTIFFS' COUNSEL (on behalf of all Plaintiffs):**

By: _____          Date: __March 25, 2016__

**RYAN WASHINGTON (on behalf of himself and all Opt In Plaintiffs):**

By: _Ryan Washington_      Date: _3/24/16_

**TATYANA BROWN (on behalf of herself and all Opt In Plaintiffs):**

By: _____      Date: _____

**IAN INGRAM (on behalf of himself and all Opt In Plaintiffs):**

By: _____      Date: _____

**PLAINTIFFS' COUNSEL (on behalf of all Plaintiffs):**

By: _____      Date: _____

RYAN WASHINGTON (on behalf of himself and all Opt In Plaintiffs):


By: _____          Date: _____

TATYANA BROWN (on behalf of herself and all Opt In Plaintiffs):


By: _____          Date: March 25 2016

IAN INGRAM (on behalf of himself and all Opt In Plaintiffs):


By: _____          Date: _____

PLAINTIFFS' COUNSEL (on behalf of all Plaintiffs):


By: _____          Date: _____

**RYAN WASHINGTON (on behalf of himself and all Opt In Plaintiffs):**


By: _____        Date: _____


**TATYANA BROWN (on behalf of herself and all Opt In Plaintiffs):**


By: _____        Date: _____


**IAN INGRAM (on behalf of himself and all Opt In Plaintiffs):**


By: _____        Date: _3/25/16_


**PLAINTIFFS' COUNSEL (on behalf of all Plaintiffs):**


By: _____        Date: _____

**EXHIBIT A**
**PAYMENT SCHEDULE**

| Last Name | First Name | Payment 1 | Payment 2 | Monthly | GRAND TOTAL |
|---|---|---|---|---|---|
| Adams | Stephen | $228.23 | $94.59 | $49.02 | $1,205.16 |
| Allen | Justin | $1,074.01 | $445.11 | $230.68 | $5,671.33 |
| Armstead | Ralanzi | $100.00 | $0.00 | $0.00 | $100.00 |
| Baldridge | Christopher | $859.21 | $356.09 | $184.54 | $4,537.07 |
| Bennett | Hampton | $53.70 | $22.26 | $11.53 | $283.57 |
| Brown | Tatiana | $1,295.35 | $122.40 | $63.44 | $2,559.62 |
| Brummett | Joseph | $107.40 | $44.51 | $23.07 | $567.13 |
| Bulkley | Kyle | $362.48 | $150.22 | $77.85 | $1,914.08 |
| Byer | Khai | $295.35 | $122.40 | $63.44 | $1,559.62 |
| Carty | Joe | $805.51 | $333.83 | $173.01 | $4,253.50 |
| Caudill | Joshua | $80.55 | $33.38 | $17.30 | $425.35 |
| Coley | Adam | $120.83 | $50.07 | $25.95 | $638.03 |
| Cox | Taylor | $1,060.59 | $439.54 | $227.79 | $5,600.44 |
| Craven | Carl | $174.53 | $72.33 | $37.49 | $921.59 |
| Dukes | Brandon | $13.43 | $5.56 | $2.88 | $70.89 |
| Esslinger | Steven | $1,074.01 | $445.11 | $230.68 | $5,671.33 |
| Evans | John | $322.20 | $133.53 | $69.20 | $1,701.40 |
| Gilland | Clay | $1,074.01 | $445.11 | $230.68 | $5,671.33 |
| Heard | Robason | $402.76 | $166.92 | $86.50 | $2,126.75 |
| Hyatt | Jason | $40.28 | $16.69 | $8.65 | $212.68 |
| Ingram | Ian | $2,154.57 | $478.49 | $247.98 | $7,096.68 |
| Jabari | Raheem | $100.00 | $0.00 | $0.00 | $100.00 |
| Jackson | Howard | $174.53 | $72.33 | $37.49 | $921.59 |
| Knott | Ellen | $161.10 | $66.77 | $34.60 | $850.70 |
| Kwaku | Yvette | $100.00 | $0.00 | $0.00 | $100.00 |
| Long | Jermain | $53.70 | $22.26 | $11.53 | $283.57 |
| Lewis | David | $483.31 | $200.30 | $103.81 | $2,552.10 |
| McAlister | Brian | $100.00 | $0.00 | $0.00 | $100.00 |
| Miller | Marques | $107.40 | $44.51 | $23.07 | $567.13 |
| Morey | Clayton | $671.26 | $278.19 | $144.17 | $3,544.58 |
| Newsome | Frederick | $1,208.27 | $500.75 | $259.51 | $6,380.25 |
| Newkirk | Joshua | $268.50 | $111.28 | $57.67 | $1,417.83 |
| Ogilvie | Adam | $100.00 | $0.00 | $0.00 | $100.00 |
| Oyebade | Atinuke | $107.40 | $44.51 | $23.07 | $567.13 |
| Rice | Steven | $67.13 | $27.82 | $14.42 | $354.46 |

| | | | | | |
|---|---|---|---|---|---|
| **Robles** | **Vanova** | $308.78 | $127.97 | $66.32 | **$1,630.51** |
| **Santiago** | **Erick** | $228.23 | $94.59 | $49.02 | **$1,205.16** |
| **Shurden** | **Michael** | $496.73 | $205.86 | $106.69 | **$2,622.99** |
| **St. Clair** | **Benjamin** | $100.00 | $0.00 | $0.00 | **$100.00** |
| **Thibodeaux** | **Kayne** | $228.23 | $94.59 | $49.02 | **$1,205.16** |
| **Thomas** | **Brandon** | $590.71 | $244.81 | $126.87 | **$3,119.23** |
| **Viveros** | **Juan** | $67.13 | $27.82 | $14.42 | **$354.46** |
| **Washington** | **Ryan** | $1,899.49 | $372.78 | $193.19 | **$5,749.74** |
| **Webb** | **Brittany** | $859.21 | $356.09 | $184.54 | **$4,537.07** |
| **Whitcome** | **Ryan** | $886.06 | $367.21 | $190.31 | **$4,678.85** |
| **Woodall** | **Tommy** | $295.35 | $122.40 | $63.44 | **$1,559.62** |
| **Zinke** | **Kathryn** | $335.63 | $139.10 | $72.09 | **$1,772.29** |
| | | | | | |
| **Attorneys Fees** | | $14,464.77 | $5,000.06 | $2,640.84 | **$66,999.95** |
| **Expenses** | | $1,338.08 | $0.00 | $0.00 | **$1,338.08** |
| | | | | | |
| **TOTAL PAYMENT** | | $37,500.00 | $12,500.14 | $6,527.77 | $167,500.00 |